1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BARRIO FIESTA, LLC, a California Limited
Liability Company,

              Plaintiff,

    v.

NORTHRIDGE FOODS INTERNATIONAL,
INC. and DOES 1-10,

              Defendants.

_____/

No. C 15-02669 JSW

**ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT**

      Now before the Court is the motion for summary judgment filed by Defendant Northridge
Foods International Inc. ("Northridge").  Having carefully reviewed the parties' papers, considered
their arguments and the relevant legal authority, the Court hereby GRANTS Northridge's motion for
summary judgment.

**BACKGROUND**

      Plaintiff Barrio Fiesta, Inc. ("Plaintiff") contends that Northridge infringes upon its
trademark.  Northridge moves for summary judgment on all of Plaintiff's claims against it.  In
summary, Plaintiff operates Barrio Fiesta Restaurant in Milpitas, California.  Northridge, a
California corporation, imports packaged food products with the mark "Barrio Fiesta" for
distribution in the United States.  Plaintiff's claims for relief are premised upon the allegations of
purported infringement of the registered trademark Barrio Fiesta Express and the common law
trademark of "Barrio Fiesta."

The Court shall refer to additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.      Legal Standard for Motion for Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986).  Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *see also* Fed. R. Civ. P. 56(c).  An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  A fact is "material" if it may affect the outcome of the case. *Id.* at 248.  Once the moving party meets its initial burden, the non-moving party must go beyond the pleadings and, by its own evidence, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995) (stating that it is not a district court's task to "scour the record in search of a genuine issue of triable fact"); *see also* Fed. R. Civ. P. 56(e).  If the non-moving party fails to point to evidence precluding summary judgment, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(e)(3).

**B.** **Northridge's Motion for Summary Judgment.**

Northridge moves for summary judgment on Plaintiff's trademark infringement and related claims on four discrete grounds: (1) Plaintiff lacks standing because it only possesses a non-exclusive license in the "Barrio Fiesta" trademark at issue; (2) Plaintiff cannot establish priority of use; (3) Plaintiff's claims are barred by the equitable doctrine of laches; and (4) Plaintiff's California and common law trademark and unfair competition claims are dependent upon the federal trademark infringement claims and should be summarily adjudicated. The Court shall address each argument in turn.

**1.** **Standing.**

As a threshold issue, the Court must determine whether Plaintiff has standing to pursue the claims for trademark infringement and related claims. Standing is "an essential . . . part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff bears the burden of proving the existence of standing to sue. *See, e.g., United States v. Hays*, 515 U.S. 737, 743 (1995). "The statutory property right in a trademark is not simply the right to make or use the trademark, but to do so to the exclusion of others." *Visa U.S.A., Inc. v. First Data Corp.*, 2005 WL 6271242, *4 (N.D. Cal. Aug. 16, 2005) (citing *International Society for Krishna Consciousness of Western Pennsylvania v. Stadium Authority*, 479 F. Supp. 792, 797 (W.D. Pa. 1979) (citations omitted)).

Northridge contends that Plaintiff lacks standing to assert its trademark claims under the Lanham Act for trademark infringement, unfair competition and false designation of origin, because it is a non-exclusive licensee and not the registrant of the subject mark. Plaintiff argues that it has standing to sue because trademark protection extends to an actual registrant's "legal representatives, predecessors, successors and assigns." (Opp. Br. at 4, citing 15 U.S.C. § 1127.) This Court has previously found that a non-exclusive licensee does not have standing to sue for copyright infringement. *See Visa U.S.A.*, 2005 WL 6271242 at *4 ("[w]here the license is non-exclusive, the licensee does not have standing to bring an infringement action."). "The determination of whether a licensee has standing to sue under § 1114 depends on the rights granted to the licensee in the licensing agreement. Where the license is non-exclusive the licensee does not have standing to

bring an infringement action." *Ultrapure Sys., Inc. v. Ham-let Group*, 921 F. Supp. 659, 665 (N.D. Cal. 1996). Prior to the filing of Northridge's motion for summary judgment, the undisputed evidence in the record establishes that Plaintiff was a non-exclusive licensee without significant property rights in the mark. (*See* Declaration of Melvin N.A. Avanzado ("Avanzado Decl."), Ex. E (June Rono deposition) at 20:13-18, 26:12-27:4; Ex. F (June Rono deposition) at 225:18-22; Ex. G (Justin Rono deposition) at 29:2-8; Ex. J at ¶ 4a; Ex. M.)

However, now Plaintiff contends that the licensors did in fact orally grant Plaintiff the exclusive right to enforce the trademark in April 2015, prior to filing this lawsuit, which agreement was memorialized in a writing dated September 16, 2016. (Declaration of June Rono, ¶ 7, Ex. A.) This written agreement was signed just after Plaintiff received Northridge's motion for summary judgment. Although Plaintiff now claims that it was the exclusive licensee of the registered trademark by virtue of an oral agreement in April 2015, the record discloses that the indisputable evidence is to the contrary. Before receipt of the pending motion, there was no evidence in the record that, prior to the initiation of the lawsuit, Plaintiff owned an exclusive license to the disputed trademark.[1]

If "a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Kennedy v. Allied Mutual Insurance* Co., 952 F.2d 262, 266 (9th Cir. 1991) (citing *Foster v. Arcata Associates*, 772 F.2d 1453, 1462 (9th Cir. 1985)). The Court finds the submission of Rono's recent declaration and the preparation of a written agreement which directly contradicts prior testimony insufficient to raise a triable issue of disputed fact. Further, the Court finds that the late submission is barred by Federal Rule of Civil Procedure 37(c)(1). This Rule provides that where a party fails to provide information during discovery, the evidence cannot be used in support of motion practice, unless the failure to produce the evidence was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1);

---

[1] Regardless of Plaintiff's testimony or the current submission of a written instrument purportedly memorializing a previous oral agreement, the undisputed evidence in the record provides that Plaintiff's license is not exclusive. TriGroup owns the same unrestricted rights over the disputed trademark, thereby rendering Plaintiff's interest non-exclusive. (*See* Avanzado Decl., Ex. M.)

*see also Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) ("When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact.").  Plaintiff makes no effort to justify its failure to disclose any alleged earlier oral agreement to attain an exclusive license, although repeatedly asked during discovery to provide information regarding all agreements over the disputed trademark.  Accordingly, the Court finds the written agreement prepared and submitted in response to Northridge's pending motion insufficient as a matter of law to demonstrate that Plaintiff was, at the time of filing this lawsuit, an exclusive licensee with standing to pursue a claim for copyright infringement.  For this reason, the Court GRANTS the motion for summary judgment on Plaintiff's claims for relief for copyright infringement for lack of standing.

**2.      Priority of Use.**

Even if the Court were to find standing based on Plaintiff's recent maneuvering to retain an exclusive license, the Court would nevertheless grant summary judgment on the basis that Plaintiff cannot establish priority of use in the disputed mark.  "It is axiomatic in trademark law that the standard test of ownership is priority of use."  *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996); *see also Grupo Gigante S.A. de C.V. v. Dallo & Co.*, 391 F.3d 1088, 1093 (9th Cir. 2004) (holding that in trademark content, "first in time equals first in right.").  It is not enough to have invented the mark first or even to have registered it first; rather the priority ordinarily comes with earlier use of the mark in commerce."  *Grupo Gigante*, 96 F.3d at 1093.  In addition, "when a foreign use of a mark achieves a certain level of fame for that mark within the United States, the territoriality principle no longer serves to deny priority to the earlier foreign used."  *Id.*

The undisputed evidence establishes that Northridge sold goods bearing the "Barrio Fiesta" mark since 2006 and the mark was used in the Phillippines since 1958 and in the United States since 1987.  (*See* Declaration of Erlinda Alianan ("Alianan Decl."), ¶¶ 3-6; Avanzado Decl., Ex. A (Bonifacia Ongpauco deposition) at 22:2-5, 24:14-20, 43:8-22, 51:16-20, 54:8-12, 69:12-17.)  The record provides that products bearing the "Barrio Fiesta" mark have been sold and distributed throughout the United States since the inception of the Philippines manufacturing company, Barrio Fiesta Manufacturing Corporation ("BFMC") and by Northridge as its exclusive United States

distributor since 2006.  (*See* Avanzado Decl., Ex. A (Ongpauco deposition) at 11:1-11, 22:2-5, 43:8-22, 51:16-20, 54:8-12, 69:1-17, 72:24-74:15; Ex. C (Erwin Santos deposition) at 12:6-14:21, 29:8-33:13, 35:7-24; Declaration of Ronald Yu, ¶¶ 4-13, Exs. A-D.)

In addition, the evidence in the record conclusively establishes, and Plaintiff admits, that the "Barrio Fiesta" mark was well-known in the Philippines.  (*See id.* at Ex. E (June Rono deposition) at 66:22-24; Ex. F (June Rono deposition) at 161:22-162:16, 163:4-15, 165:2-166:11), Ex. G (Justin Rono deposition) at 39:4-10, 41:12-20; Alianan Decl. ¶ 6, Ex. B.)  Plaintiff expressly associates itself with the Barrio Fiesta restaurants in the Philippines by adopting a purported "history dating back to 1952" on its website and admits that it is a well-known foreign mark.  (*See id.* at Ex. L; Ex. E (June Rono deposition) at 33:20-34:11, 66:22-24; Ex. F (Juno deposition) at 161:18-162:16, 163:4-15, 165:2-166:11; Ex. G (Justin Rono deposition) at 39:4-40:12.)   Moreover, the Ronos and various other principals of Plaintiff were aware of the Barrio Fiesta products both from the long history in the Philippines and from the products available in stores in the United States.  (*See, e.g.,* Avanzado Decl. at Ex. E (June Rono deposition) at 36:6-38:4, 56:14-20, 117:16-25; Ex. G (Justin Rono deposition) at 23:19-24:15, 34:24-35:4); Ex. H (Ashley Rono deposition) at 21:3-22:1; Ex. I (Michelle Villanueva deposition) at 35:21-36:9, 38:2-9, 40:13-18, 41:1-42:6, 91:20-23.)

The undisputed evidence establishes, regardless of when or whether it ever had an exclusive right to the registered mark, that Plaintiff did not use the "Barrio Fiesta" mark until much later in time.  The record indicates that Plaintiff was not incorporated until 2010.  (*See* Request for Judicial Notice ("RJN"), ¶ A, Ex. 1.)[2]  The registrants for the mark did not apply for the registration until 2011.  (*See id.* at ¶ E, Ex 4.)  The non-exclusive license between the registrants and Plaintiff for the "Barrio Fiesta" mark is dated January 4, 2012.  (*See* Avanzado Decl., Ex. J.)  Plaintiff does not proffer any evidence that contradicts the plethora of evidence establishing that the mark had been in prior use both in the Philippines for decades and within the United States since 1987.  Plaintiff cannot establish priority of use and has failed to create a dispute of fact about the prior uses in the

---

[2]   The Court GRANTS Northridge's request for judicial notice of documents that are public record.  *See* Fed. R. Evid. 201(b).

market both abroad and domestically.[3]  "[O]wnership of a mark requires both appropriation and use in trade; and [] ownership of a mark and the exclusive right to a mark belongs to the one who first uses the mark on goods placed on the market."  *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1157 (9th Cir. 2001) (citations omitted).  Regardless of the status of registration, without demonstrating there are any contested facts concerning Plaintiff's priority of use of the disputed mark or any showing that Plaintiff maintained a bona fide intention to use the mark in commerce prior to Northridge's extended use, summary judgment on priority of use is GRANTED.

### 3.  Laches.

In its third argument for summary judgment, Northridge contends that the Court, in its discretion, may grant summary judgment on Plaintiff's claims by reason of the defense of laches because Plaintiff took years to file suit after knowledge of Northridge's use of the disputed mark. Laches is an "equitable time limitation on a party's right to bring suit . . . resting on the maxim that 'one who seeks the help of a court of equity must not sleep on his rights.'"  *Saul Zaentz Co. v. Wozniak Travel, Inc.*, 527 F. Supp. 2d 1096, 1108 (N.D. Cal. 2008) (citing *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002)).

To establish laches, a defendant must show plaintiff's unreasonable delay in bringing suit and that defendant would suffer prejudice caused by the delay if the suit were to continue.  *See id.* at 1108-09.  To determine whether laches is a viable defense, a court must consider "the length of delay, which is measured from the time the plaintiff knew or should have known about its potential cause of action" and the court must "decide whether the plaintiff's delay was unreasonable." *Jarrow*, 304 F.3d at 838.  The determination whether a delay is unreasonable depends upon "(1) the strength and value of the trademark rights asserted; (2) plaintiff's diligence in enforcing the mark; (3) harm to the senior user if relief is denied; (4) good faith ignorance by junior user; (5) competition between senior and junior users; and (6) extent of harm suffered by junior user because of senior

---

[3]    The Court GRANTS Plaintiff's request for judicial notice of documents that are public record.  *See* Fed. R. Evid. 201(b).  Plaintiff contends that BFMC's failure to submit a statement of use to their trademark application constitutes a dispute of fact regarding whether they used the products in commerce.  However, the Court finds that BFMC's error, which error was subsequently addressed, does not function to create a dispute of fact about prior use of the mark in commerce.

user's delay." *Id.* at 1109 (citing *E-Systems, Inc. v. Monitek, Inc.*, 720 F.2d 604, 607 (9th Cir. 1983)).

The laches clock begins when the plaintiff knew or should have known of the prospect of confusion. *See Miller v. Glen Miller Productions, Inc.*, 454 F.3d 975, 980-81 (9th Cir. 2006) (upholding grant of summary judgment based on defense of laches and enforcing the "knew or should have known" standard based on actual or constructive knowledge). Here, Plaintiff admits to knowing about Barrio Fiesta products in the United States in the mid 2000s, and certainly before his purchase of the Milpitas Barrio Fiesta restaurant. (*See* Avanzado Decl., Ex. E (June Rono deposition) at 37:17-24.) Plaintiff submits a declaration in opposition to summary judgment, however, indicating that his understanding of the prior use of the "Barrio Fiesta" mark at the time of the acquisition of the restaurant by the same name may have been somewhat more limited in scope. (*See* Declaration of June Rono, ¶¶ 10-15.) Regardless, there is no dispute that Plaintiff knew about Northridge's use of the mark in 2012 and did not file suit until three years later when it filed suit in June 2015. (*See id.* at ¶ 15.) Northridge contends that in the years before Plaintiff filed suit, it expended approximately $50,000 per year in marketing and promotional expenses to continue to market and expand the line of products in the United States and elsewhere. (*See* Alianan Decl., ¶8.) However, there is insufficient evidence in the record regarding what portion of this expenditure relates exclusively to domestic promotions and marketing and an insufficient showing that these amounts would not have otherwise been expended. *See Jarrow*, 304 F.3d at 838-39; *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 955 (9th Cir. 2001) (holding that laches defense may be appropriate where a defendant can demonstrate prejudice based on the actions it took or the consequences it suffered that it would not have had the plaintiff brought suit promptly). Here, the Court finds, based on the current record, that it would not exercise its discretion to grant summary judgment solely on the basis of the equitable doctrine of laches. Although it appears uncontested that Plaintiff did not file suit for three years after Plaintiff knew of the ongoing usage of the mark, the Court would not exercise its discretion to bar suit due to laches. However, the Court has granted summary judgment on two alternative grounds.

## 4. California and Common Law Claims.

Both parties agree that Plaintiff's California trademark and common law claims are premised upon the same tests for finding liability under the federal trademark claims for relief. (*See* Motion at 23-24; Opp. Br. at 15.) Accordingly, because the Court grants summary judgment on the federal trademark claims under the Lanham Act, the Court similarly grants summary judgment on Plaintiff's claims for relief for trademark dilution and infringement under California law.

Lastly, Plaintiff's claim for relief for unfair competition pursuant to California Business and Profession Code section 17200 is premised upon the underlying trademark claims. California's statutory unfair competition laws broadly prohibit unlawful, unfair, and fraudulent business acts. *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir. 2008). Statutory liability can be premised upon trademark violations. *See id*. at 1152. Because Plaintiff has failed to state a trademark claim or other unlawful act, summary judgment on California's unfair competition claim is GRANTED. *See Name.Space, Inc. v. Internet Corporation for Assigned Names & Numbers*, 795 F.3d 1124, 1134 (9th Cir. 2015) (affirming dismissal of unfair competition claim when plaintiff failed to state a trademark claim upon which the unfair business claim was based).

### CONCLUSION

For the foregoing reasons, the Court GRANTS Northridge's motion for summary judgment. A separate judgment shall issue and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  May 5, 2017

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE